# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| STEPHEN BRYCE KNIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | _____ |
| EAST PENN LOGISTICS LLC, ) | |
| RONALD WIDNER, and HARTFORD ) | |
| FIRE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Stephen Bryce Knight, Plaintiff, and hereby files this Complaint for Personal Injuries against East Penn Logistics, LLC, Ronald Widner, and Hartford Fire Insurance Company, Defendants, showing the Court as follows.

## JURISDICTION AND VENUE

1.

Defendant Ronald Widner (hereinafter referred to as Defendant "Widner") is a resident of the State of Tennessee. Defendant Widner can be served

with process as allowed by law, including under Georgia's Nonresident Motorist Act, as well as at his last known address of 8950 Highway 91 N, Laurel Bloomery, TN 37680.

2.

Defendant East Penn Logistics, LLC (hereinafter referred to as Defendant "East Penn") is a foreign corporation. Defendant East Penn maintains its principal place of business at 102 Deka Road, Lyon Station, PA 19536-0147. Defendant East Penn can be served with process as allowed by law, including by and through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA, 30092, USA.

3.

Defendant Hartford Fire Insurance Company ("Hartford Insurance") is a foreign corporation that is authorized to transact business in the state of Georgia. Defendant Hartford Insurance maintains its principal place of business at One Hartford Plaza, Hartford, CT, 06155. Defendant Hartford Insurance may be served with process as allowed by law, including through its Registered Agent, C T Corporation System, 289 S Culver St, Lawrenceville, GA, 30046-4805.

4.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000.00.

5.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

FACTS

6.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

7.

On May 19, 2020, Defendant Widner, while acting incident to and within the course and scope of his agency or employment with Defendant East Penn, was traveling north on State Route 24, approaching Lions Club Road in Madison, Monroe County, Georgia, operating a tractor trailer owned by Defendant East Penn.

8.

Plaintiff Knight was driving east on Lions Club Road.

9.

Plaintiff Knight had the green light and was attempting to drive across State Route 24 when Defendant Widner ignored and/or drove through the red traffic signal and did not stop at the intersection. Defendant Widner then crashed into Plaintiff Knight's vehicle.

10.

Defendant Widner, while acting incident to and within the course and scope of his agency or employment with Defendant East Penn, struck Plaintiff's vehicle, violated the following provisions of Georgia law, and committed negligence and negligence *per se* by:

   (a)   failing to obey a traffic control device, in violation of O.C.G.A § 40-6-20;

   (b)   failing to use due care while driving, in violation of O.C.G.A. § 40-6-241;

   (c)   operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390;

   (d)   failing to control his vehicle as to avoid a collision, in violation of the requirements of ordinary care and diligence; and,

 (e) such other specifications of negligence and negligence *per se* as shall be added by amendment or proven at trial.

11.

As a direct and proximate result of the negligence of the Defendants, Plaintiff was injured, suffered, and will continue to suffer injuries, both physical and mental, and damages including medical expenses, future medical expenses, and other related expenses. Plaintiff Knight's medical expenses are no less than $23,963.52 to date.

12.

The provisions of 49 CFR §301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case, and Defendant East Penn was required to obey these regulations at the time of this collision and at all relevant times prior to the collision.

13.

At all times relevant to this cause of action, Defendant East Penn was subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §301-399), either directly or as adopted by the State of Georgia.

14.

Defendant East Penn violated certain provisions of the FMCSR, including, but not limited to 49 C.F.R. § 390.11.

15.

Plaintiffs will show Defendant East Penn and Defendant Widner violated the Federal Motor Carrier Safety Regulations, which constitutes negligence *per se*.

16.

There was no act of Plaintiff that contributed to the collision.

17.

There was no failure to act of Plaintiff that contributed to the collision.

COUNT ONE

NEGLIGENCE OF DEFENDANT WIDNER

18.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

19.

Defendant Widner breached the duty of care owed to Plaintiff when he failed to operate his tractor-trailer truck in a safe and reasonable manner.

Defendant Widner's negligence was the direct and proximate cause of the subject collision and Plaintiff's resulting injuries.

20.

Plaintiff experienced shock, fright, and terror as a result of knowing that he was about to become involved in an unavoidable violent collision.

21.

Plaintiff suffered physical injuries as a result of this collision, and he has suffered and continues to suffer physical and mental pain and anguish as a result of the collision.

22.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the tortious acts and omissions of Defendant Widner, who was acting as an employee or agent of Defendant East Penn.

23.

Plaintiff is entitled to recover all of their special and general damages they suffered due to Defendant Widner's negligence. Plaintiff Knight's medical expenses to date exceed $23,963.52.

## COUNT TWO

## NEGLIGENCE *PER SE*-DEFENDANT WIDNER

24.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

25.

The tortious acts and omissions committed by Defendant Widner, while acting in his capacity as an employee or agent of Defendant East Penn, which caused the subject collision and resulting injuries, include, but are not limited to, the following:

(a) failing to obey a traffic control device, in violation of O.C.G.A § 40-6-20;

(b) failing to use due care while driving, in violation of O.C.G.A. § 40-6-241;

(c) operating his vehicle with reckless disregard for the safety of other persons on the roadway in violation of O.C.G.A. § 40-6-390; and,

(d) such other specifications of negligence *per se* as shall be added by amendment or proven at trial.

8

26.

Defendant Widner's violation of the above-referenced statutes constitutes negligence *per se*, and is the direct and proximate cause of the subject collision and Plaintiff's resulting injuries and damages.

27.

All of Plaintiff's injuries, shock, fright, and mental and physical pain and suffering were solely and proximately caused by the *per se* tortious acts and omissions of Defendant Widner, who was an employee or agent of Defendant East Penn.

28.

Plaintiff is entitled to recover all of his special and general damages due to Defendant Widner's negligence *per se*. Plaintiff Knight's medical expenses to date exceed $23,963.52.

COUNT THREE

RESPONDEAT SUPERIOR

29.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

30.

At the time of the wreck, Defendant Widner was employed by or acting as an agent for Defendant East Penn and was driving a vehicle owned by Defendant East Penn.

31.

At the time of the wreck, Defendant Widner was acting within the course and scope of his employment or agency with Defendant East Penn and was furthering the business interests of Defendant East Penn.

32.

Defendant East Penn are liable for the negligence of Defendant Widner and the resulting general and special damages sought by Plaintiffs based on the doctrine of *respondeat superior*.

## COUNT FOUR

## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

33.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

34.

Defendant East Penn failed to exercise ordinary care in the selection of Defendant Widner to carry out its business purpose, failed to train and supervise him in a proper manner, and continued to retain him as a driver despite the fact that Defendant East Penn knew or should have known in the course of ordinary care that Defendant Widner was not suited or competent to drive a truck for Defendant East Penn.

35.

Had Defendant East Penn exercised ordinary care, it would have known Defendant Widner was an unsafe driver based on his driving history, lack of adequate road test, falsification of driver's logs, and/or violations of the Federal Motor Carrier Safety Regulations.

36.

Defendant East Penn's negligent hiring, training, supervision, and retention of Defendant Widner, was a proximate cause of Plaintiff's injuries and damages. Accordingly, Plaintiff is entitled to recover all his specific and general damages suffered due to Defendant East Penn's negligent hiring, training, supervision, and retention of Defendant Widner.

COUNT FIVE

NEGLIGENT ENTRUSTMENT

37.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

38.

Defendant East Penn negligently entrusted Defendant Widner with the operation of the tractor trailer at issue to carry out its business interests with knowledge that Defendant Widner would be likely to use the tractor trailer in a manner involving unreasonable risk of physical harm to others whom Defendant East Penn should have expected to be endangered by its use.

39.

Had Defendant East Penn exercised ordinary care, it would have known Defendant Widner was an unsafe driver and would not have entrusted him with a tractor and/or trailer based on his driving history, lack of adequate road test, falsification of driver's logs, and/or violations of the Federal Motor Carrier Safety Regulations.

40.

Defendant East Penn's negligent entrustment of the subject tractor

12

trailer was a proximate cause of Plaintiff's injuries and damages. Defendant East Penn is liable for the negligence of Defendant Widner and the resulting damages sought by Plaintiff based on Defendant East Penn's negligent entrustment of its vehicle to Defendant Widner.

COUNT SIX

DEFENDANTS' VIOLATION OF FEDERAL REGULATIONS

41.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

42.

Defendant East Penn had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and it negligently failed to do so.

43.

Defendant East Penn, through its agents and employees, knew, or should have known by exercising reasonable care, about the risks set forth in this complaint and that, by simply exercising reasonable care, these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. The risks associated with unsafe drivers;

    b. The risks associated with medically disqualified drivers;

    c. The risks associated with fatigued drivers;

    d. The risks associated with violations of the hours of service regulations;

    e. The risks associated with the violation of proper maintenance standards;

    f. The risks associated with failing to train drivers to obey the FMCSR;

    g. The risks associated with failing to have adequate risk management policies and procedures in place;

    h. The risks associated with failing to have policies and procedures in place to identify undertrained and unqualified drivers;

    i. The risks associated with failing to identify from prior wrecks, similar to the one in question, a root cause and implement policies, procedures, protocols, and practices to effectively reduce or eliminate the risk prior to the wreck in the question;

    j. The risks associated with failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above;

k. The risks associated with failing to appropriately implement and enforce risk management policies and procedures to reduce and eliminate the risks described above;

l. The risks associated with failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Widner once he was hired;

m. The risks associated with failing to implement and follow a written safety plan;

n. The risks associated with failing to protect the members of the public, such as the Plaintiffs, from the risks described above; and

o. The risks associated with failing to use the composite knowledge reasonably available to Defendants to analyze the data available to it to identify the risks, take steps to reduce or eliminate those risks, and to protect members of the public from those risks.

44.

At all times relevant hereto, Defendant East Penn was acting by and through its employees/agents, and it is responsible for the acts of those employees and agents as set forth in the FMCSR, or similar theory of law. Defendant East Penn and Defendant Widner violated numerous provisions of the FMCSR, including, but not limited to, 49 C.F.R. § 390.11, which constitutes negligence *per se*.

45.

Defendant East Penn's negligence, either solely or combined and concurring with the negligent acts of Defendant Widner, was the proximate cause of Plaintiff's injuries and damages.

COUNT SEVEN

DIRECT ACTION – DEFENDANT HARTFORD INSURANCE

46.

Defendant Hartford Insurance is joined as a party Defendant pursuant to O.C.G.A. § 40-2-140, because Defendant Hartford Insurance is an insurance carrier for Defendant East Penn, a motor carrier as defined in said code section. Accordingly, Defendant Harford Insurance is contractually liable under its coverage by virtue of the liability of Defendant East Penn and Defendant Widner, its insured.

## COUNT EIGHT

## PUNITIVE DAMAGES

47.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

48.

Plaintiff is entitled to recover punitive damages from Defendants because Defendants' actions, as enumerated herein, show gross negligence which evidences a willful, wanton, or reckless disregard for the safety of others.

## COUNT NINE

## ATTORNEY'S FEES AND EXPENSES OF LITIGATION

## PURSUANT TO O.C.G.A. § 13-6-11

49.

Plaintiff incorporates herein by reference the allegations contained in the foregoing paragraphs.

50.

Defendants have acted in bad faith, have been stubbornly litigious,

and/or have caused Plaintiffs unnecessary trouble and expense as outlined herein. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation from Defendants in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for the following:

    a)    That Summons be issued and served upon Defendants as provided by law;

    b)    That all issues herein be tried before a jury;

    c)    That Plaintiff have judgment entered in his favor and against Defendants for all damages recoverable at law;

    d)    That Plaintiff be awarded attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11 in an amount to be determined at trial;

    e)    That Plaintiff be awarded Punitive Damages against Defendants in an amount sufficient to deter Defendants from such further conduct;

    f)    That all costs of this action be cast against Defendants; and,

    g)    That Plaintiff has such other relief as is just and proper.

Respectfully submitted,

AUSBAND & DUMONT

*/s/Douglas C. Dumont//*
Andrew C. Ausband
Georgia Bar No. 028602
Douglas C. Dumont
Georgia Bar No. 232680
Kathryn W. Carpenter
Georgia Bar No. 576164

*Attorneys for Plaintiff*

825 Fairways Court, Suite 300
Stockbridge, GA 30281
(678) 593-3000
(678) 593-3015 Facsimile
andyausband@ausbandlaw.com
dougdumont@ausbandlaw.com
kcarpenter@ausbandlaw.com